UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK D. SCOTT, | ) |
| Movant, | ) |
| vs. | ) Case No. 1:04CV150 RWS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before me on the motion of Derrick D. Scott to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

In his § 2255 petition Scott claims:

1. Law enforcement officials' search of his person incident to his arrest was unlawful and violated his Fourth and Fifth Amendment rights under the United States Constitution to be free from unreasonable searches and seizures;

2. Trial counsel was ineffective for not arguing that the search of his person exceeded the bounds of a search incident to a lawful arrest;

3. The search of his person was illegal because it was conducted without a warrant and without probable cause;

4. Trial counsel was ineffective for failing to properly object to the search of his person before trial, during trial, and on appeal;

5. The sentencing guideline enhancement for relevant conduct based on third party testimony at his sentencing

> hearing regarding drug quantity violated his right to a trial by jury; and
>
> 6. The sentencing guideline enhancement for obstruction of justice based on his false testimony at trial violated his right to a trial by jury.

Mr. Scott cannot relitigate issues raised and rejected in his direct appeal. He also cannot raise issues for the first time in his § 2255 petition which he could have raised in his direct appeal. Finally Mr. Scott has not shown that his counsel was constitutionally deficient.

Scott's § 2255 petition will be denied.

## **Background**

Derrick Scott was charged in a one-count indictment with possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B).

Scott filed a motion to suppress the evidence seized from him during a search of his person incident to his arrest. United States Magistrate Judge Lewis Blanton held a hearing on Scott's motion to suppress and issued a Report and Recommendation recommending that the motion to suppress be denied because the evidence was lawfully seized. I adopted Judge Blanton's Report and Recommendation.

The case was tried to a jury. On October 9, 2002, a jury returned a verdict of guilty on the one-count indictment for distributing more than 5 grams of cocaine base against Mr. Scott.

Scott's sentencing hearing was held on July 6, 2003. At the sentencing hearing witnesses testified regarding drug transactions with Mr. Scott. Based on the testimony of the witnesses I found by a preponderance of the evidence that, including relevant conduct, Mr. Scott was responsible for more than one-half kilogram of cocaine base. One-half kilogram of cocaine base results in a base offense level under the sentencing guidelines of 36. I also found that Scott's trial testimony was materially false and as a result he obstructed justice under U.S.S.G. § 3C1.1.

Pursuant to the sentencing guidelines I found that Scott's total offense level was 38 and his criminal history category was V. The resulting guideline range was 360 months to life imprisonment. I sentenced Scott to 360 months imprisonment followed by an eight year term of supervised release.

Scott filed a direct appeal to the United States Court of Appeals for the Eighth Circuit challenging:

1. My determination that he was responsible for one-half kilogram of cocaine base; and

2. My finding that Scott committed perjury during his trial.

The Eighth Circuit affirmed Scott's conviction and the sentence. United States v. Derrick Scott, 76 Fed. Appx. 117 (8th Cir. 2003) (unpublished). Regarding the quantity of drugs attributable to Scott the Eighth Circuit found: "The record demonstrates that the testimony of each witness was detailed and specific and based upon their firsthand knowledge . . . the district court's finding of the drug quantity was not clearly erroneous and must be affirmed." Id. at 119.

In its review of the sentencing enhancement for obstruction of justice the Eighth Circuit said, "The overwhelming evidence at trial demonstrated that cocaine was removed from Scott's person and that he spoke with law enforcement officers. The district court based the obstruction of the administration of justice on Scott's denial of these facts. The district court found that Scott's denial was an intentional deception regarding material facts. Under such circumstances, application of U.S.S.G. § 3C1.1 was proper." Id. at 119-20 (citing United States v. Dunnigan, 507 U.S. 87, 96 (1993).

The Eighth Circuit found no other meritorious arguments in Scott's appeal.

### **Issues Raised on Direct Appeal**

It is well established that issues raised on direct appeal and denied may not be relitigated in a § 2255 petition. English v. United States, 998 F.2d 609, 612-13 (8th Cir. 1993).

Scott also argues for the first time in his § 2255 petition that he was denied his right to a trial by jury on these facts. I will interpret Scott's new argument as an effort to set aside his sentence based on the recent United States Supreme Court holding in Booker v. United States, 125 S.Ct. 738 (2005).

The United States Court of Appeals has consistently held that Booker does not apply to criminal convictions that became final before the new rule was announced. United States v. Hernandez, ___ F.3d ___ 2006 WL 240507, *2 (8th Cir. 2006) (citing Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).

Because The Eighth Circuit has already rejected Scott's challenge to his sentencing guideline calculation on direct appeal and his conviction was final before Booker was decided, grounds five and six of Scott's § 2255 petition must fail.

**Issues Not Raised on Direct Appeal**

Scott did not appeal the finding that the search and seizure which resulted in the discovery of the crack cocaine in three separate baggies on his person was unconstitutional. As a result Scott is barred from raising his challenge to the constitutionality of the search and seizure in this § 2255 petition unless he can show cause and prejudice for his default in failing to raise grounds one and three in his direct appeal. Dyer v. United States, 23 F.3d 1421 (8th Cir. 1994); Thompson v. United States, 7 F.3d 1377, 1379 (8th Cir. 1993).

Scott has failed to establish cause and prejudice for his failure to raise grounds one and three in his direct appeal. As a result grounds one and three are denied.

**<u>Ineffective Assistance of Counsel as Alleged in Grounds Two and Four</u>**

To prevail on his claim alleging ineffective assistance of counsel, Scott must satisfy the two-part test of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under <u>Strickland</u>, the movant must first show that the counsel's performance was deficient. 466 U.S. at 687. This requires the movant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> Secondly, the movant must demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Id.</u> Scott "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

The Eighth Circuit has described the two-fold test as follows: (1) counsel's representation fell below an objective standard of reasonableness; and (2) but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different. <u>Rogers v. United States</u>, 1 F.3d 697, 700 (8th Cir.

1993). More recently the Eighth Circuit has described the Strickland test as follows: "Whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" Fields, 201 F.3d at 1027, quoting Strickland, 466 U.S. at 688, 104 S.Ct. at 2064-65. Counsel's challenged conduct is viewed as of the time of his representation. "And we avoid making judgments based on hindsight." Fields, 201 F.3d at 1027. A reviewing court's "scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.

Scott contends that his trial counsel was ineffective for not successfully suppressing the evidence against him. Trial counsel filed a motion to suppress. An evidentiary hearing was conducted by Judge Blanton. Ultimately the motion to suppress was denied. I adopted Judge Blanton's Report and Recommendation because the crack cocaine found on Scott's person was lawfully seized incident to a

custodial arrest. Scott has failed to show that his counsel's efforts on his behalf were constitutionally defective.

As a result grounds two and four are denied.

**Request for Evidentiary Hearing**

Generally, 28 U.S.C. § 2255 entitles Derrick Scott to a hearing on the merits of their petition. However, there is a well-established exception to this rule when the record of the case conclusively establishes that the petitioner is entitled to no relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Cheek v. United States, 858 F.2d 1330, 1333 (8th Cir. 1988); United States v. Gann, 807 F.3d 134, 135 (8th Cir. 1986). Since the record in this case conclusively establishes that Scott is entitled to relief, his request for a hearing will be denied.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253 (c)(1)(B). To grant such certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. Id. at § 2253 (c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir 1997) (citing Flieger

v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994)). I am of the opinion that Derrick Scott has not made such a showing as to the grounds raised in his motion. I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Derrick Scott for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied.

**IT IS FURTHER ORDERED** that Scott's request for a hearing on his amended petition is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued because Scott has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this memorandum and order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2006.