# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DERRICK D. SCOTT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:04CV150 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion for reconsideration. The motion will be denied.

Movant was convicted on October 9, 2002, after a jury trial of the offense of possession with intent to distribute five grams or more of cocaine base. The Court heard evidence at a sentencing hearing on January 6, 2003, and added two criminal history points because movant had committed relevant conduct to the offense of conviction at a time when he was on parole for a state conviction. Movant also received a two-level sentencing enhancement for obstruction of justice because the Court found that he had perjured himself during the trial.

Movant unsuccessfully appealed the Court's determination of the drug quantity and the enhancement for obstructing justice, but he did not appeal the addition of the

criminal history points.  United States v. Scott, 76 Fed. Appx.  117 (8th Cir. 2003) (unpublished).

Movant filed his § 2255 motion on November 1, 2004; the motion alleged seven grounds for relief.  Respondent filed its response on January 6, 2005.  The Court denied the motion on February 27, 2006, without issuing a certificate of appealability.  The United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability on December 7, 2006.

Movant filed the instant motion for reconsideration on February 5, 2009. Movant requests relief based on the fact that neither the government nor the Court addressed ground seven of movant's § 2255 motion.

**Discussion**

1.  The Motion was Filed Out of Time

While movant has framed his request for relief under the "catch all" provision of Rule 60(b)(6), in truth what he seeks to address is a "mistake or inadvertence" on the part of the Court and counsel in not addressing the specific allegations contained in ground seven of his original § 2255 motion.  Pursuant to Rule 60(c), a motion to reconsider based on mistake or inadvertence must be filed within one year after the entry of the judgment.  Because movant did not file his motion for reconsideration for

nearly three years after the judgment was entered, the motion is untimely and must be denied.

    2.    <u>Movant is Not Entitled to Relief Under Rule 60(b)(6)</u>

Even if the theory of movant's motion could be construed as really being "any other reason that justifies relief" under Rule 60(b)(6), he is still not entitled to relief. Rule 60(b) authorizes relief in only the most exceptional of cases. <u>In re Guidant Corp. Implantable Defibrillators Products Liability Litigation</u>, 496 F.3d 863, 866 (8th Cir. 2007). This case is unexceptional. The Court merely overlooked one of movant's grounds for relief. And, as is stated below, movant would not have been entitled to relief on ground seven of his § 2255 motion.

    3.    <u>Movant Would Not Have Been Entitled to Relief on Ground Seven</u>

Because this is a sentencing issue of which movant was clearly aware, it should have raised as a part of his direct appeal in the case, unless he can show cause and prejudice for his failure to do so. <u>Dyer v. United States</u>, 23 F.3d 1421 (8th Cir. 1994). Movant did not raise this issue on appeal, <u>United States v. Scott</u>, 76 Fed. Appx. 117, 118 (8th Cir. 2003), and he has not shown cause and prejudice for failing to do so. As a result, ground seven of the § 2255 motion was procedurally defaulted.

Even if ground seven were not procedurally defaulted, movant has not shown that counsel was deficient. To establish a claim of ineffective assistance of counsel, a

movant must satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, under the "performance" component, the movant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, under the "prejudice" component, the movant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." Odem v. Hopkins, 382 F.3d 846, 851 (8th Cir.2004) (quoting Strickland, 466 U.S. at 693).

At the sentencing hearing, the government produced evidence that movant had committed relevant conduct to the offense of conviction at a time when he was on parole for a state conviction. The Court found the evidence to be persuasive by a preponderance of the evidence. Because determining the credibility of the witnesses is largely within the discretion of the trial court, and the evidence presented was overwhelming, this is an issue that movant simply would not have prevailed upon, even had he chosen to appeal it originally. As a result, his attorney cannot be said to have

been ineffective for his failure to argue the issue more vigorously or to have appealed on that particular ground.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for reconsideration [#36] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 20 Day of May, 2009.

                                                    RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE